**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PARVINDER PARVINDER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1477-G** |
| | ) | |
| **ACTING FIELD OFFICE DIRECTOR, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

# REPORT AND RECOMMENDATION

Petitioner Parvinder Parvinder, a noncitizen[2] and Indian national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 10, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to

---

[1] David J. Venturella was announced as Acting Director of U.S. Immigration and Customs Enforcement in May 2026. He replaces Todd Lyons and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. <u>Background</u>

Petitioner, a citizen of India, entered the United States on January 17, 2023, without inspection or admission near Lukeville, Arizona, and was taken into immigration custody. Pet. at 4-5; Doc. 13-1 at 1 (January 2023 NTA). On January 18, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 5; Doc. 13-1 at 1. On January 27, 2023, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. Pet. at 5; Doc. 1-2 (Order of Release). On August 15, 2023, Petitioner filed an application for asylum. Pet. at 5; Doc. 1-3 (Asylum Application).

On November 11, 2025, ICE re-detained Petitioner after taking custody of him during an operation with the Texas Department of Public Safety at a commercial weigh station.[3] Pet. at 5; Resp. at 2; Doc. 13-4 at 1 (ICE Encounter Summary). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 3. Petitioner

[3] The Petition also alleges Petitioner has been detained since earlier dates of September 24 or 25, 2025, and since a later date of January 1, 2026. Pet. at 14, 16. These alternative dates appear to have been included in error, considering ICE's Encounter Summary confirms Petitioner was re-detained on November 11, 2025. *See* Doc. 13-4 at 1-2. Regardless, the undersigned's analysis is the same whether Petitioner's current detention began in September 2025, in November 2025, or in January 2026.

did not allege he previously requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On July 14, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 19, 2026). However, on August 5, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal currently is pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.[4]

When Petitioner filed his Petition, he was detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1-5 (ICE Locator); Pet. at 3; Resp. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last accessed Aug. 19, 2026).

[4] Petitioner also alleges he was "granted voluntary departure / entered an order of voluntary departure" by an IJ on January 24, 2026, for which an "appeal remains pending." Pet. at 14; *see also id.* at 2, 3, 11, 16 (each referencing a "pending . . . appeal . . . before the Board of Immigration Appeals"). Respondents appear to agree an order for voluntary departure was entered by an IJ, but state they lack "any information on an appeal." Resp. at 2 n.2. No evidence regarding voluntary departure has been provided to the Court by any party. *See also* Doc. 1-4 (EOIR Automated Case Information) (showing, in the then-current information provided by Petitioner, no information regarding any decision by an IJ and an indication that no appeal of an IJ decision had been made). Regardless, an appeal of the July 2026 removal order to the Board of Immigration Appeals remains pending. So, no final removal order exists either way.

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process and that Respondents revoked his previous release in an arbitrary manner, which violates his right to procedural due process. Pet. at 11-14.

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Pet. at 14-15. He further alleges his detention is governed by § 1226(a), which entitles him to a bond hearing. *Id.*

- **Count III: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process due to prolonged detention, and that Respondents revoked his previous release in an arbitrary manner, which violates his right to due process. *Id.* at 16-17.

He asks the Court to "issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241" and to "order Respondents to immediately and unconditionally release Petitioner from custody under the same conditions that existed prior to his detention," or, alternatively, to "order Respondents to provide Petitioner with a prompt bond hearing before an Immigration Judge." Pet. at 18-19 (citation modified). Petitioner also requests an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA").[5] *Id.* at 19.

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis[6]

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

---

[6] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition. Pet. at 6. Respondents do not dispute Petitioner's assertion. The undersigned agrees that Petitioner was not required to exhaust before filing the Petition. *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges § 1226(a) governs his current detention because he is not a recent entrant "arriving" or "applying for admission." Pet. at 10. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A), while recognizing precedent in the Tenth Circuit "compels a different outcome" than that argued for by Respondents. Resp. at 2-3.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded that "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla.

Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[7]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks his "immediate[] and unconditional[] release" from custody or, alternatively, asks that the Court to "order Respondents to provide Petitioner with a prompt bond hearing before an Immigration Judge." Pet. at 18-19. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan*

---

[7] This conclusion is also in accord with persuasive authority in the First, Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

*Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, consistently have declined to order burden shifting. Pet. at 17 (requesting an Order for Respondents to "bear the burden of justifying continued detention by clear and convincing evidence" (quotation modified)); *see, e.g.*, *Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[8]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 11-14, 16-17. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to

[8] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

decide the merits of Petitioner's due process claims based on his continued detention. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 27, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 1, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of August, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE