**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PARVINDER PARVINDER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1477-G** |
| | ) | |
| **FIELD OFFICE DIRECTOR OF DALLAS FIELD OFFICE, U.S. Immigration and Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Parvinder Parvinder filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Certain Respondents filed an Answer (Doc. No. 13), to which Petitioner replied (Doc. No. 14).[1]

On August 20, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 15), recommending that the Petition be granted in part. Respondents filed an Objection (Doc. No. 16).

Pursuant to controlling authority, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may

[1] The appearing respondents are: Robert Cerna, ICE Dallas Field Office Director; Fred Figueroa, Warden of Diamondback Correctional Facility; Markwayne Mullin, U.S. Secretary of Homeland Security; David Venturella, Acting Director of ICE; and U.S. Attorney General Todd Blanche.

accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of India who entered the United States on January 17, 2023. R. & R. at 2. Petitioner was then taken into DHS custody, charged as removable, and issued a Notice to Appear. *Id.*; Doc. No. 13-1. On January 27, 2023, Petitioner was released into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. R. & R. at 2; Doc. No. 1-2.

Petitioner was taken into ICE custody on November 11, 2025, during an operation with the Texas Department of Safety at a commercial weigh station. *Id.*; Doc. No. 13-4. Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. ¶ 6; Doc. No. 1-5; Pet'r's Notice (Doc. No. 18).

In the Petition, Petitioner alleges that his ongoing detention violates the Immigration and Nationalization Act ("INA"), 8 U.S.C. §§ 1101 et seq., and his right to due process. *See* Pet. ¶¶ 45-73.

*II. The Report and Recommendation*

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) but recognize that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (2026). *See* Answer at 1-3. In the R. & R., Judge Stephens determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 5-8 (citing *Santillan Quiroz*, 180 F.4th at 1235-49). Accordingly, Judge Stephens concluded that Petitioner is entitled to a bond

hearing due to violation of the INA and that the Court should decline to address Petitioner's additional claims. *See id.*

As noted in the R. & R., the Tenth Circuit has held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. ¶¶ 15, 19; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. ¶ 1. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

---

[2] Because the undersigned finds that habeas relief is warranted on this basis, Petitioner's other claims need not be addressed. *See* R. & R. at 8-9; *Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

## CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 15) is ADOPTED in its entirety.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 19th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge